Gary ZACHER, Respondent,

v.

GLENWOOD WEBSTER BUILDING LIMITED PARTNERSHIP, et al., Defendant and Third Party Plaintiffs, Appellants,

v.

Earl E. HEMMERICH, et al., Third Party Defendants, Respondents,

and

John I. ZACHER, et al., Respondents,

v.

KALDAHL BUILDING LIMITED PARTNERSHIP, et al., Appellants.

No. CO–86–514.

Court of Appeals of Minnesota.

Oct. 21, 1986.

Robert J. Walter, Glenwood, for respondents Gary and John I. Zacher.

Harold R. Fritz, II, Nisswa, for respondent Hemmerich.

Galen E. Watje, Edina, for appellants.

Heard, considered and decided by NIERENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## MEMORANDUM OPINION

NIERENGARTEN, Judge.

### FACTS

Respondents Zachers brought an action against appellants to recover payments on contracts for deed on two commercial buildings. Appellants counterclaimed against Zachers for fraud. They served a third party complaint against respondents Hemmerichs and Hurrys because John Zacher had assigned his one-half interest in one building to them. The Hemmerichs and Hurrys cross-claimed against appellants for breach of contract and against respondent Zachers for fraud. The actions were consolidated for trial. The trial court found no fraud on the Zachers' part and this finding was appealed.

Both respondents Zachers and respondents Hemmerichs and Hurrys requested attorney fees pursuant to Minn.Stat. § 549.21 which provides:

[T]he court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position * * *; or committed a fraud upon the court.

The trial court awarded no attorney fees to the Zachers and only $2,000 of the $16,048 requested by Hemmerichs and Hurrys. Both appellants and respondents appealed the attorney fee awards.

Prior to oral argument the parties settled all issues with the exception of attorney fees.

Respondent Zachers argue that appellants' suit was brought in bad faith and so respondents should be awarded $20,891.25 in attorney fees.

### DECISION

There is insufficient evidence in the record to sustain a finding of attorneys fees pursuant to the provisions of Minn. Stat. § 549.21 against any of the parties. Therefore, the denial of attorney fees to Zachers is affirmed and the award of attorney fees to Hemmerichs and Hurrys is reversed.

Affirmed in part, reversed in part.